UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON AIYEBO-SKINNER,<br><br>  Plaintiff,<br><br> v.<br><br>WELLPATH, INC. et al.,<br><br>  Defendants. | Case No. 1:20-cv-00676-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO PROSECUTE<br><br>(ECF No. 15)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Brandon Aiyebo-Skinner ("Plaintiff") is a former prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On May 21, 2020, the Court issued an order setting an initial scheduling conference. (ECF No. 10).[1] The order also required the parties to provide initial disclosures and to file a scheduling conference statement. (Id.).

The Court attempted to hold the telephonic conference on the date and time ordered. The undersigned Judge and her court staff were present. Defense Counsel Jerome Varanini appeared on behalf of defendant Wellpath, Inc. However, Plaintiff failed to appear. After waiting approximately five minutes, the Court ended the conference due to Plaintiff's failure to appear. Plaintiff also failed to file his scheduling conference statement, and according to the

---

[1] The date of the scheduling conference was changed twice, and the parties were directed to appear telephonically. (ECF Nos. 11 & 12). Plaintiff was served with a copy of both orders.

1

representation made by defense counsel, failed to provide defense counsel with his initial disclosures.  Additionally, based on a review of the docket in this case, it appears that Plaintiff had not yet served two of the defendants in this action.

Accordingly, on August 24, 2020, the Court ordered Plaintiff to "show cause why sanctions should not issue, up to and including dismissal of this action, because of Plaintiff's failure to prosecute this action." (ECF No. 15, p. 2).  Plaintiff was warned that if he did not respond to the order to show cause, "the Court will recommend to the assigned district judge that this action be dismissed for failure to prosecute." (Id.).

The 21-day period Plaintiff had to respond to the order to show cause expired, and Plaintiff did not respond.  Accordingly, the Court will recommend that this case be dismissed, without prejudice, because of Plaintiff's failure to prosecute this action.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. " Id.  Here, Plaintiff's failure to appear at the scheduling conference and to otherwise prosecute this case is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become

stale," id. at 643, and it is Plaintiff's failure to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff appears to have chosen not to prosecute this action, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to prosecute; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections.

\\\
\\\
\\\
\\\
\\\
\\\
\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 25, 2020**           /s/ _Erica P. Grosjean_
                                          UNITED STATES MAGISTRATE JUDGE